UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL METAL TRADING INC.,
and PAUL TERRAULT ,

        Plaintiff(s),        CASE NUMBER: 08-11605
                                   HONORABLE VICTORIA A. ROBERTS
v.

CITY OF ROMULUS, MICHIGAN;
CHARLES KIRBY, Chief of Police, Romulus, Michigan;
JOSHUA MONTE, Detective;
MICHAEL ST. ANDRE, Deputy Chief;
LIEUTENANT JOHN LEACHER;
DETECTIVE RICK LANDRY,

        Defendant(s).
_____/

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Paul Terrault is the owner of International Metal Trading Inc., a business that buys and sells metals, crates, baskets, containers, and automotive parts.

On March 7-9, 2007, The Romulus Police Department executed a search warrant at Nelson Paper Recycling. Terrault claims the Romulus Police Department seized both knock-down crates and fuel injectors belonging to him.

On March 5, 2009, Terrault and International Metal filed a Second Amended Complaint for: (1) violation of 42 U.S.C. §1983; and (2) conversion.

Before the Court is Defendants' "Renewed Motion to Dismiss for Judgment on the Pleadings or, in the Alternative, for Summary Judgment Pursuant to Fed. R. Civ. P.

1

56(c) or 12(b)(6)." (Doc. #41). Defendants ask the Court to dismiss Plaintiffs' Complaint in its entirety.

Defendants' motion is **GRANTED**.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

**III.     APPLICABLE LAW AND ANALYSIS**

    **A.     Procedural Due Process Claim Under 42 U.S.C. §1983**

Although there is no mention of any specific constitutional provision, in the §1983 Complaint, the Court presumes Plaintiffs assert a claim under the Fourteenth Amendment for deprivation of property without due process.

The Due Process Clause of the Fourteenth Amendment provides: no State shall "deprive any person of life, liberty, or property, without due process of law."

Plaintiffs must establish:

(1)     the State deprived them of a protected property interest; and

(2)     the deprivation occurred without adequate procedural rights.

See *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999) (citing *Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990)).

The first step is to identify the "protected property interest."  In two Complaints filed, Plaintiffs do not describe their property interest; the Second Amended Complaint only says Plaintiffs were the rightful owners of "the contents of a seized trailer and of other property."

Discovery revealed that Plaintiffs claim an ownership interest in 156 knock-down crates in a trailer, 400 knock-down crates on Nelson's parking lot, and 50,000 fuel injectors allegedly stored in a padlocked trailer at Nelson Paper Recycling.

In response to Defendants' motion for summary judgment, Plaintiffs focus their argument exclusively on 76 knock-down crates stamped, "Property of Lear Corporation."  These were given by Defendants to the Lear Corporation shortly after their seizure.  See Plaintiffs' Response, p. 2 ("Defendants claim that the third trailer only

had plastic knock down crates in it, and Defendants maintain that those crates belonged to Lear Corporation, not Plaintiff.  But Defendants admit that Plaintiff Terrault was on the scene before that trailer was removed, and they admit that Terrault insisted that he owned the contents of that trailer.  Therefore, ownership of the contents of that trailer is a disputed question of fact"); Plaintiffs' Response, p. 3 ("According to Landry, Lear Corporation sent a truck to pick up their crates"); Plaintiffs' Response, p. 5 ("Defendants . . . released Plaintiffs' property to Lear Corporation without any form of independent judicial review to determine who owned the property"); Plaintiffs' Response, p. 7, 15 ("Instead of holding the property and securing a court order to release it - thereby allowing anyone who claimed an interest to present their proof to a judge - Defendants released the property to Lear, without affording Plaintiffs any opportunity for review by a judicial officer"); Plaintiffs' Response, p. 10 ("Plaintiffs' property was confiscated by Defendants, who were acting under color of state law, and Defendants then released Plaintiffs' property to Lear Corporation without any form of independent judicial review to determine who owned the property").

  Because Plaintiffs chose to focus on the 76 crates given to Lear, and fail to assert a property interest in any other crates in their brief, the Court presumes Plaintiffs abandon their claim concerning the rest of the knock-down crates.

  Terrault was questioned about the crates he claims were stored in a trailer at Nelson Paper Recycling.  He initially testified that his crates did not have any identifying features or markings on them.  *See* Terrault's Deposition of February 2, 2009, p. 65.  After he was questioned about whether any of his crates were marked Ford Motor Company, Terrault testified that there were probably some crates marked "Ford."  *See*

Terrault's Deposition of February 2, 2009, p.66.  Plaintiffs do not dispute that the crates given to Lear were all stamped "Property of Lear Corporation."  The Court finds there is no genuine issue of disputed fact concerning the crates stamped "Lear"; Plaintiffs fail to prove they have a protected property interest in those crates and their procedural due process challenge fails.

      **1.    City of Romulus, Chief of Police Charles Kirby, Detective Joshua Monte, Deputy Chief Michael St. Andre, and Lieutenant John Leacher, and the Knock-Down Crates**

Plaintiffs sued Chief Charles Kirby, Detective Joshua Monte, Deputy Chief Michael St. Andre, and Lieutenant John Leacher ("official Defendants") in their official capacities.

Even assuming Plaintiffs have a protected property interest in the knock-down crates that were stamped "Property of Lear Corporation," Plaintiffs cannot succeed on their procedural due process claim against the City of Romulus and the official Defendants.  Plaintiffs fail to demonstrate that the Romulus Police Department's "policy" of allowing the officer in charge to dispose of property seized pursuant to a lawful search warrant, without judicial approval, is unconstitutional.  *See Bennett v. City of Eastpointe*, 410 F.3d 810, 818-19 (6th Cir. 2005):

> A municipality may be held liable only "when execution of a government's policy or custom . . . inflicts the injury."  Furthermore, for municipal liability, there must be an "affirmative link between the policy and the particular constitutional violation alleged."  The claimant has the burden of proof for establishing the existence of an unconstitutional policy and demonstrating the link between the policy and the alleged injuries at issue.

(Citations omitted); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (an official-capacity suit requires Plaintiffs to prove a policy or custom played a role in the violation

5

of federal law) (citing *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978); *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-18 (1985)).

Importantly, this "policy" is articulated for the first time in Plaintiffs' Response to Defendants' motion for summary judgment.

Plaintiffs cite *Thompson v. Consol. Gas Utilities Corp.*, 300 U.S. 55, 80-81 (1937); *Missouri Pacific Ry. Co. v. Nebraska*, 164 U.S. 403, 417 (1896); and *Kelo v. City of New London*, 545 U.S. 469, 500 (2005), to support their position that the Romulus Police Department's "policy" is unconstitutional.

These cases are unavailing; they address the taking of a private person's property for the benefit of another private person, without a public purpose, in the context of the "public use" restriction in the Fifth Amendment Takings Clause.

Also, MCLA §780.655(3) authorizes Defendants to return the knock-down crates – legitimately seized under a search warrant – to whom the police believe is the rightful owner, without first seeking judicial approval:

> As soon as practicable, stolen or embezzled property shall be restored to the owner of the property.  Other things seized under the warrant shall be disposed of under direction of the court or magistrate[.]

Finally, Defendants were not required to grant Plaintiffs a predeprivation hearing if:

(1) It was impractical for Defendants to provide Plaintiffs with meaningful predeprivation process; and

(2) Meaningful means were available after Plaintiffs' property was taken to assess the propriety of the State's action.

*See Parratt v. Taylor*, 451 U.S. 527, 539 (1981).

Here, it was impractical to provide Plaintiffs notice and an opportunity to be heard

before the Romulus Police Department gave the knock-down crates to Lear; it believed Lear was the rightful owner of the knock-down crates. In addition, Plaintiffs have two state remedies – MCR 3.105 and MCLA §600.2920(1) – that satisfy the postdeprivation process requirement of the Due Process Clause. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999); *see also* MCR 3.105:

> Claim and delivery is a civil action to recover (1) possession of goods . . . which have been unlawfully taken or unlawfully detained, and (2) damages sustained by the unlawful taking or unlawful detention.

MCLA §600.2920(1):

> A civil action may be brought to recover possession of any goods . . . which have been unlawfully taken or unlawfully detained and to recover damages sustained by the unlawful taking or unlawful detention[.]

### 2. Fuel Injectors

Terrault testified that he loaded 50,000 fuel injectors in the trailer behind the knock-down crates and took the trailer to Nelson Paper Recycling. Plaintiffs say the trailer with the fuel injectors was gone after the Romulus Police Department left Nelson Paper Recycling. They present deposition testimony that Terrault checked on the trailer on a weekly basis, the trailer was padlocked, parked in a secure location, never moved, and never opened.

What happened to Plaintiffs' fuel injectors is unknown. However, Defendants' evidence reveals that no one from the Romulus Police Department found or seized fuel injectors in the trailer that it searched. Plaintiffs do not set forth specific facts to rebut that evidence. Nor do Plaintiffs present objective evidence that the fuel injectors were in the trailer just before the search warrant was executed. Plaintiffs' personal belief that their fuel injectors were seized and disposed of by the Romulus Police Department is

insufficient to support a triable factual inference.  See *Chappell v. GTE Products Corp.*, 803 F.2d 261, 268 (6th Cir. 1986).

The Court finds there is no genuine issue of disputed fact concerning the fuel injectors; Plaintiffs fail to prove that it was the Romulus Police Department that deprived them of a property interest in their fuel injectors and their procedural due process challenge fails.

### 3. Detective Rick Landry

Plaintiffs sued Detective Rick Landry in his personal capacity.  Detective Landry says he is entitled to qualified immunity.

*Saucier v. Katz*, 533 U.S. 194 (2001) describes a two-step inquiry that the Court must follow to determine if Detective Landy is entitled to qualified immunity.  See *Waeschle v. Dragovic*, 576 F.3d 539, 543 (6th Cir. 2009).  The first step requires the Court to determine "whether the facts that [Plaintiffs] ha[ve] alleged . . . or shown . . . make out a violation of a constitutional right."  *See id.* (quoting *Pearson v. Callahan*, 129 S.Ct. 808, 816 (2009)).  The second step requires the Court to determine whether the right was "clearly established" at the time of Detective Landry's alleged misconduct.  *Waeschle*, 576 F.3d at 543.  "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."  *Id.* (quoting *Pearson v. Callahan*, 129 S.Ct. 808, 816 (2009)).

Plaintiffs did not establish a violation of a constitutional right concerning the knock-down crates or the fuel injectors, as discussed above.  It was not unconstitutional for Detective Landry to return the knock-down crates to whom he believed was the

rightful owner, without first providing Plaintiffs notice and an opportunity to be heard. And, Plaintiffs did not set forth specific facts to show Detective Landry deprived them of an ownership interest in 50,000 fuel injectors.

Plaintiffs fail to meet the first step in the *Saucier* inquiry.

### C. Conversion Claim

On September 10, 2008, the Court entered an Order that says Plaintiffs voluntarily dismissed their conversion claim without prejudice. The Court said Plaintiffs could reinstate this claim, if *Odom v. Wayne County*, 2007 WL 284723 (Mich.App. Feb. 1, 2007) was decided in favor of abrogating governmental immunity.

*Odom* ultimately reaffirmed the rule that governmental employees enjoy qualified immunity for intentional torts. *See Odom v. Wayne County*, 482 Mich. 459 (2008). Accordingly, Plaintiffs' conversion claim is dismissed.

## IV. CONCLUSION

Defendants' motion is **GRANTED**. Plaintiffs' Complaint is **DISMISSED**.

**IT IS ORDERED**.

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: 1/27/2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 27, 2010.

s/Carol A. Pinegar

Deputy Clerk

10